KATHERINE ROBINSON, Respondent, *v.* WILLIAM C. MUNN, as Executor of DANIEL MUNN, Deceased, Appellant.

Decedent's estate — action against executor to recover upon an implied contract for services rendered to decedent as nurse — evidence examined and held insufficient to sustain action.

1. The inference of an implied contract to pay the reasonable value of the services rendered which may arise from the mere rendition and acceptance of the service cannot be drawn where, because of the relationship of the parties, it is natural that such service should be rendered without expectation of pay. Accordingly a salaried employee cannot ordinarily recover in addition to his salary the reasonable value of services rendered which fall outside of the scope of duties of his employment, unless such services are so distinct from the duties of his employment and of such nature that it would be unreasonable for the employer to assume that they were rendered without expectation of further pay.

2. Plaintiff, who is a professional, though not a hospital-trained, nurse, acted as housekeeper for decedent, taking care of him when ill and performing all the services which an infirm and crippled old man would require or which a professional nurse would perform if one had been employed. She was paid monthly for her services. After decedent's death she brought this action to recover the reasonable value of her services as a nurse, alleging that her monthly pay was for her services as housekeeper and that her compensation as nurse was to be adjusted later. She showed statements to have been made by decedent during his lifetime that his wife told him shortly before her death that she had made the plaintiff promise that she would stay and take care of him as long as he lived. There is also some evidence that at different times decedent spoke of his depend-

ence upon plaintiff and that she would lose nothing by remaining with him instead of taking other positions as nurse. Also, some evidence that decedent intended to benefit her in his will. There is no evidence to sustain her claim that her services as a nurse were rendered and accepted with the expectation that they should be charged and paid for at their reasonable value. Hence she cannot recover.

*Robinson* v. *Munn*, 206 App. Div. 576, reversed.

(Argued February 25, 1924; decided April 1, 1924.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 21, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Arthur F. Curtis* for appellant. Plaintiff cannot recover without some evidence of a contract for payment of her services as a nurse. (*Rielly* v. *Burkelman*, 149 App. Div. 548; *Butcher* v. *Geissenhainer*, 125 App. Div. 272; *Rose* v. *Leask*, 124 App. Div. 799; *Scheu* v. *Blum*, 119 App. Div. 826; *Matter of Fordham*, 100 Misc. Rep. 737; 179 App. Div. 952; *Matter of Draper*, 74 Misc. Rep. 335; *Matter of Stacey*, 89 Misc. Rep. 88; *Houghton* v. *Kittleman*, 7 Kans. App. 207; *Cooper* v. *Brooklyn Trust Co.*, 109 App. Div. 211; *Wise* v. *Martin*, 232 Penn. St. 159; *Grossman* v. *Thunder*, 212 Penn. St. 274.) There was no evidence of a contract to pay more than the monthly wages. (*Rosseau* v. *Rouse*, 180 N. Y. 116; *Matter of O'Neill*, 49 App. Div. 414; *Hoffman* v. *Condon*, 134 App. Div. 205; *Apthorp* v. *Thurston*, 153 App. Div. 572.)

*A. G. Patterson* for respondent. All the law requires is that clear and convincing evidence sustain the plaintiff's claim. The necessary evidence was produced by wholly disinterested witnesses. (*Leahy* v. *Campbell*, 70 App. Div. 131; *Robinson* v. *Raynor*, 28 N. Y. 494; *Gall* v. *Gall*, 27 App. Div. 173; *Davis* v. *Gallagher*, 37 App. Div. 626; *Williams* v. *Hutchinson*, 3 N. Y. 317; *Lane* v. *Calby*, 95 App. Div. 12; *Collier* v. *Rutledge*, 136 N. Y. 622.)

Lehman, J. Prior to April, 1916, the plaintiff was a professional nurse and though not a graduate of a hospital training course, she had received considerable hospital training and was called upon for service by the physicians in the neighborhood when their patients needed a nurse. She was a friend of Mr. and Mrs. Daniel Munn. Her brother had married their only daughter who predeceased them. She had acted as nurse to Mr. Munn for nine months about 1912 when he sustained an injury to his leg which permanently crippled him and she was paid twenty dollars a week for these services. She took care of Mrs. Munn during her last illness from February to April, 1916, and was paid twenty-five dollars a week during this period. After Mrs. Munn's death in April, 1916, the plaintiff continued to live at Mr. Munn's home until his death in November, 1921. He was crippled and infirm and the plaintiff not only did all the work customarily performed by a housekeeper in a widower's home where no other servant is kept but she cared for his person. She massaged and treated his leg when necessary, took care of him when he was ill, and without analyzing the testimony in detail, it is fair to say that the evidence shows that she performed all those services which a crippled, infirm old man would require or which a professional nurse would perform if such a nurse were employed. She was paid thirty dollars a month by Mr. Munn until about a year and a half before his death, then forty dollars a month, and for the last month of Mr. Munn's life she received fifty dollars.

After Mr. Munn's death she brought this action against his estate to recover the reasonable value of services alleged to have been rendered to Mr. Munn as nurse during the period of over five years when she was in his employ. She alleges in her complaint that she was employed not only as housekeeper but also as nurse upon an agreement that she was to be paid monthly for her services as housekeeper and that her compensation

as nurse was to be adjusted later. She placed the reasonable value of her services as a nurse at eighteen dollars per week and at the trial she obtained a verdict for $2,200. The Appellate Division held that the jury should have deducted from the reasonable value as found, of her services as nurse, the sum of $1,000, which she received as a legacy under Mr. Munn's will and modified the judgment accordingly. The plaintiff was in the employ of Mr. Munn and her services were undoubtedly rendered under a contract, express or implied, that he would pay for them. She has received payment monthly for services during the entire period and there is no evidence that he expressly agreed that he would pay her the reasonable value of her services in caring for his person in addition to or separate from payment for services in taking charge of his home. The only evidence as to the circumstances under which she entered his employ is contained in statements alleged to have been made by Mr. Munn during his lifetime that his wife told him shortly before her death that she had made the plaintiff promise that she would stay and take care of him as long as he lived. The inference of an implied contract to pay the reasonable value of services rendered which may arise from the mere rendition and acceptance of the service cannot be drawn where because of the relationship of the parties, it is natural that such service should be rendered without expectation of pay. (*Fox* v. *Arctic Placer Mining & Milling Co.*, 229 N. Y. 124.) Accordingly a salaried employee cannot ordinarily recover in addition to his salary the reasonable value of services rendered which fall outside the scope of duties of his employment, unless such services are so distinct from the duties of his employment and of such nature that it would be unreasonable for the employer to assume that they were rendered without expectation of further pay.

In the present case the plaintiff was evidently employed to take care of Mr. Munn and his home as his wife had

done during her life. He paid her a monthly stipend and she made her home with him and apparently had considerable freedom in the home. She probably took better care of him than she could have done if she had not been a skilled nurse; she probably even rendered services to him from time to time which only a skilled nurse could render; but except for the period of nine months in 1912 after his leg was injured, he had not previously employed or required a nurse to take care of him. The services which the plaintiff was employed to render included apparently the care both of his home and his person and the fact that she was able to care for his person better than an unskilled housekeeper could have done does not show that she was employed in the capacity of a professional nurse under an implied agreement that she should be paid in the future the reasonable value of her services as a nurse in addition to compensation actually paid to her from time to time for services rendered in the capacity of a housekeeper.

It is true that there is evidence that in conversation with various parties held at different times her employer spoke of his dependence upon her and stated in effect that she would lose nothing by remaining with him and not taking temporary positions as nurse which would afford her greater compensation. It may even be true that her employer tried to compensate her for any sacrifices she may have made through remaining in his employ by devising his home to her by codicil to his will, but while these circumstances might show a recognition by her employer of a call upon his gratitude for such services and even an intention to benefit her in his will, they do not naturally lead to an inference that the services as nurse were rendered and accepted with the expectation that they should be charged and paid for at their reasonable value.

Even if the compensation the plaintiff received was inadequate in view of the services she rendered and even

if she rendered these services in expectation of receiving a valuable bequest thereafter, such circumstances would not entitle her to recover the value of the services so rendered though she was disappointed in her expectation. She can recover here only upon proof that the services were rendered upon an agreement express or implied to pay for them apart from the pay received from time to time in the course of her general employment. The services rendered in caring for the decedent's person though rendered by a professional nurse were not really professional in character for it is not shown that at most times the decedent needed a professional nurse; they were included in the duties of the plaintiff's employment and they were not of such character that even if they had not been so included, a friendly housekeeper living with a crippled, infirm old man might not naturally have rendered them without expectation of pay or hope of any reward, except such as the employer might voluntarily give. For over five years prior to the death of her employer the plaintiff continued to render such services; received wages and shared her employer's home. It does not appear that any claim was asserted for further pay during the employer's life and if plaintiff had such claim it is evident that she preferred not to assert it until she learned how she would fare under her employer's will. It seems to us quite clear that the evidence presented here is insufficient to sustain a claim made after her employer's death that during his life he expressly or impliedly agreed to pay the plaintiff any additional sum for services rendered.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents; HISCOCK, Ch. J., absent.

Judgment reversed, etc.