In the Matter of the Estate of ANNA J. SHEEHAN, Deceased.

Surrogate's Court, New York County, April 19, 1932.

*Pentlarge & Johnson,* for Elizabeth Jeck.

*Jacob Axelrad,* for the objector, Ida Hagen.

*Jeanette Schiller,* for judgment creditor.

*Emil Frankel,* for the receiver, Nathan G. Goldberger.

*John F. Frees,* for the executor.

*Katz & Sommerich,* for the legatee, Augusta Franke.

FOLEY, S. Upon the evidence I find that the claim of Ida Hagen must be disallowed. The claim is for services rendered in nursing the decedent from November 7, 1929, to the date of death, a period of approximately one hundred and forty days. The claimant was not a trained or registered nurse, nor even a practical nurse. She asserts, however, that she is entitled to the sum of twenty-five

dollars a day. The evidence discloses no agreement, expressed or implied, on the part of the decedent to pay for the alleged services. The claimant had resided in the home of the decedent for several years before the date of the commencement of the services. The alleged change of status, from one of intimate friend living in the household, to an employee for pay, requires close scrutiny. For a substantial part of the time during which the services were claimed to have been rendered as nurse, the estate has shown that the decedent was in a hospital receiving medical and expert nursing attention. The stay at the hospital covered about four weeks. Necessarily, the claim for nursing services by Ida Hagen during the same period at the rate of twenty-five dollars a day becomes absurd. After leaving the hospital, the decedent returned to her home and was continuously under the care of a registered nurse up to the date of her death on March 16, 1930.

The testimony of the witnesses in support of the claim as to declarations of the decedent tended to show, as is usual in cases of this kind, appreciation of the association of the claimant with the decedent and an affectionate regard for the claimant. At most these declarations amounted to a purpose to remember her by some testamentary benefit. (*Frankenberger* v. *Schneller*, 258 N. Y. 270; *Matter of Quinn*, 142 Misc. 481.) Mrs. Sheehan, after the time of these alleged declarations, did remember her friend, the claimant, by a legacy to her of $1,000 in her will, which was executed on November 15, 1929. In the bequest the testatrix described Ida Hagen as " my friend."

Upon the entire record I find no supporting proof to justify the allowance of the claim against the estate. (*Robinson* v. *Munn*, 238 N. Y. 40; *Caldwell* v. *Lucas*, 233 id. 248.)

Submit decree on notice settling the account accordingly.