In the Matter of the Judicial Settlement of the Account of RACHEL SPINNER, as Administratrix, etc., of JOE SPINNER, Deceased. RACHEL SPINNER, as Administratrix, etc., of JOE SPINNER, Deceased, Appellant; SAM STROGATZ, Petitioner, Respondent.

First Department, May 8, 1942.

*Allan Rogow* of counsel [*Morris Leight* with him on the brief; *George W. Loomer*, attorney], for the appellant.

*Nathan Goldman* of counsel [*Garmesey, Goldman & Garmesey*, attorneys], for the respondent.

PER CURIAM. We think that the learned surrogate erred in directing that the administratrix-appellant file her account together with a petition for its judicial settlement upon respondent's claim that he was a creditor of the estate of deceased. The determination that claimant was a creditor of the estate is not warranted by the evidence adduced to establish the claim. Except for the unsatisfactory oral testimony of claimant, which was received in evidence without objection, and that of the decedent's partner, which was neither clear nor convincing, there is no proof, documentary or otherwise, to sustain the assertion of claimant that this thirteen-year-old indebtedness of the deceased had been kept alive by cash payments of interest continuously made to claimant by decedent and decedent's partner up to two years before decedent's death.

The law is well settled that a claim against the estate of a deceased person should be established by evidence that is clear and convincing. (*Matter of Sherman*, 227 N. Y. 350, 353; *Matter of Van*

*Slooten* v. *Wheeler*, 140 id. 624; *Matter of Block*, 258 App. Div. 342, 345, 346.) In *Matter of Block* (*supra*) this court (at p. 345) used the following pertinent language: " Assuming, however, that the witness was competent under the provisions of section 347 [of the Civil Practice Act], her testimony must be scrutinized carefully, not only because the lips of the other party to the contract are sealed in death, but also by reason of the interest which the witness had in the outcome of the controversy." Moreover, oral proof of payments on account of interest to keep alive an indebtedness and to avoid the Statute of Limitations must be closely examined. (*Adams* v. *Olin*, 140 N. Y. 150; *Scott* v. *Palmer*, 246 App. Div. 379; affd., 273 N. Y. 471.) The character of the proof adduced on behalf of the claimant was clearly insufficient to establish that this stale claim had not been barred by the Statute of Limitations.

The order should be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the petition dismissed.