■ In the Matter of the Accounting of SALLY LIBIN, as Administratrix of the Estate of WILLIAM RUBIN, Deceased, Appellant. ALBERT D. LEVIN, Respondent.

BOTEIN, P. J. (dissenting). In claims against decedent estates based on alleged oral agreements made with the decedent, the lips of the other party to the transaction are sealed in death. The law therefore requires, as a safeguard against spurious and manufactured claims that cannot readily be refuted, that proof of such claim be established by the clearest and most convincing evidence (*Rosseau* v. *Rouss*, 180 N. Y. 116; *Robinson* v. *Munn*, 238 N. Y. 40; *Matter of Sherman*, 227 N. Y. 350, 353; *Matter of Block*, 258 App. Div. 342).

In this case, the proof offered appears to me to fall far short of that standard. The claim of claimant, an attorney, is based on the contention that decedent, a real estate broker who was given the use of the facilities of his office, agreed orally some eight years before his death that he would pay $50 a month for the privilege. Although claimant asserts that during that entire eight-year span he never received a single payment, it was not until a year after decedent's death that he made his first written demand by filing of a claim against the estate for that part or the total sum which was not barred by the Statute of Limitations. Never once during the alleged period of nonpayment did claimant take any legal steps to bar the decedent from continued use of the office.

The only proof of the alleged oral agreement was given by claimant's office associate, who also acted as his trial counsel in this proceeding. He, fortunately for the claimant, since his testimony was not barred by section 347 of the Civil Practice Act, happened to have overheard decedent promise to pay for the use of the office seven years earlier, and also claims to have overheard subsequent demands for rent. He did not know, however, what payments, if any, decedent subsequently made, or whether some superseding arrangement had been entered into. Apart from this testimony, there is not a shred of corroborative documentary evidence to support the claim (cf. *Matter of Spinner*, 264 App. Div. 114).

It seems unlikely that decedent would be permitted continuing use of the office despite his failure to make a single payment for a period of almost eight years if there had in fact been an agreement to pay rent, or if some other arrangement had not subsequently been made. Nevertheless, with part of the alleged claim being barred by the Statute of Limitations with each passing month, claimant, who presumably was well-acquainted with the law, took no steps during decedent's lifetime to enforce the alleged claim. The fact that claimant made no formal claim for the alleged rent until one year after death has significant bearing on its merit (*Matter of Zimmer*, 77 N. Y. S. 2d 872, affd. 274 App. Div. 1024).

It may well be that claimant's claim is a valid one, proven sufficiently to be sustained as against a living defendant. I believe, however, that claimant has failed completely to produce sufficient credible evidence to meet that standard of proof so wisely established to protect decedents' estates from recently asserted claims which death has rendered impossible of contradiction. The decree of the Surrogate, insofar as it allows the claim herein, should be reversed and the claim disallowed.

Breitel, Rabin and Valente, JJ., concur in decision; Botein, P. J., dissents and votes to reverse in dissenting opinion in which Stevens, J., concurs.

Decree so far as appealed from affirmed, with costs to the claimant-respondent, payable out of the estate.