◼ In the Matter of MOVIELAB, INC., et al., Respondents, v. MASTERCRAFT RECORD PLATING, INC., Appellant.— Order, Supreme Court, New York County, entered on June 25, 1971, denying defendant's motion for a rehearing, on additional papers, unanimously reversed, on the law, without costs and without disbursements, the motion granted, and upon such rehearing plaintiffs' motion for summary judgment granted only to the extent of granting plaintiffs partial summary judgment in the sum of $2,300 for use and occupancy during the month of August, 1970, and directing dismissal of defendant's counterclaim, and otherwise denied. Except to the extent indicated, we find sufficient triable issues raised in the papers submitted hereon to warrant denial of summary judgement. Moreover, under the circumstances here presented, the question of damages and the issue of liability are so interrelated that no time or effort of either the court or the litigants would be saved by the direction below for a separate assessment of damages. (*Hastings* v. *Richard, Ellis & Co.,* 36 A D 2d 695.) Concur — Markewich, J. P., Murphy, McNally, Eager and Capozzoli, JJ.

◼ GERALD J. MCMAHON et al., Plaintiffs, v. ROSE M. PFISTER et al., Defendants. ROSE M. PFISTER et al., Respondents, v. OCTAVIUS A. ORBE et al., Appellants et al., Defendants.— Order, Supreme Court, New York County, entered on November 19, 1971, granting plaintiffs' reargument and dismissing defense of accord and satisfaction, unanimously affirmed, without costs and without disbursements. The issue is whether an attorney can plead as a defense to his client's suit to recover for breach of the attorney-client relationship an accord and satisfaction based on the delivery to the client of the client's own property against payment in full of the attorney's bills. There is no allegation that the counterclaims asserted against defendant law firm were ever settled or compromised in any manner. A lawyer is a fiduciary of and for his client. The basis of a legal accord and satisfaction is either a settlement and compromise of the amount claimed due or a condition lawfully imposed on the tender of payment. (See *Hudson* v. *Yonkers Fruit Co.,* 258 N. Y. 168; *Car-Lynn Realty Corp.* v. *Almar Props.,* 30 A D 2d 808; *Haimowitz* v. *Lorintz,* 13 Misc 2d 448.) The property delivered to respondents by appellants was the respondents' property. To hold that such delivery impliedly establishes an accord as to a client's claim not then asserted or the subject of dispute is incompatible with the attorney-client fiduciary relationship. (*Hudson* v. *Yonkers Fruit Co., supra.*) There can be no accord and satisfaction premised on the return to plaintiffs of their own property. (*Haimowitz* v. *Lorintz, supra.*) Concur — Kupferman, J. P., Murphy, McNally and Eager, JJ.