## (June 10, 1982)

■ JANDOUS ELECTRIC CONSTRUCTION CORP., Respondent, v CITY OF NEW YORK, Appellant. — Order of the Supreme Court, New York County (Okin, J.) entered June 22, 1981 which granted defendant's motion for summary judgment on plaintiff's first cause of action and which denied it as to the second cause, reversed, to the extent appealed from, without costs, on the law and the facts, and defendant's motion for summary judgment is granted as to plaintiff's second cause of action. Plaintiff and the New York City Transit Authority, acting as defendant's agent, entered into a contract for improvement of the Queens Village Bus Depot. The contract specified August 6, 1973 as the completion date. Because of the initial unavailability of the job site and delays caused by other subcontractors, the completion date was extended, at plaintiff's request, to January 10, 1975. A final certificate of completion was filed May 19, 1976. Plaintiff contends that by reason of the delays it incurred additional expenses, not contemplated at the time of the entry into the contract, for electricity, labor and additional labor. Accordingly, it sued to recover the sum of $22,188.76 alleged to represent these additional expenses plus profit to which it claims entitlement. The complaint contains two causes of action. The first cause is bottomed in contract; the second is founded in *quantum meruit* for expenses and work, labor and services performed and seeks recovery for the same costs and profits as are sought by the first cause. The city moved for summary judgment. Special Term granted the motion as to the first cause but denied it on the second, and the city appeals. The contract provides that action thereon shall be commenced within one year after the date of filing of the final certificate of completion. This action was commenced on March 12, 1979. Since the final certificate of completion was issued on May 19, 1976, somewhat more than two and one-half years prior to the commencement of the action, Special Term properly held that that cause was barred by the time limitation contained in the contract. We are in disagreement, however, with Special Term's conclusion that the costs and profits for which recovery is sought on the second cause of action were outside the scope of the contract and, therefore, enforceable in an action in *quantum meruit*. The services rendered by plaintiff were necessary to enable it to comply with its contractual obligation. Although unforeseen by plaintiff at the time it entered into the contract, the services rendered did not entail change orders nor did they effect more than the contract required. The change in theory of action did not change its substance. It remains an action founded upon the contract. In such case the remedy of *quantum meruit* is not available (*Miller v Schloss,* 218 NY 400; *Robinson v Munn,* 238 NY 40). Neither the complaint nor the answering

affidavits furnish any basis warranting the conclusion that some hypothetical cause of action in quasi contract may be alleged. It is sufficient to point out that none has been set forth. Accordingly, the motion for summary judgment on the second cause of action should have been granted. Concur — Murphy, P. J., Sullivan and Bloom, JJ.

Lupiano and Fein, JJ., dissent in a memorandum by Lupiano, J., as follows: Special Term correctly perceived that the critical issue between the parties is whether the expenses for which recovery is sought under the plaintiff's second cause of action are for work incurred "beyond the scope of the contract". Special Term declared: "It is undisputed that plaintiff met all the requirements under the contract, but due to circumstances beyond its control, it incurred increased costs. The court finds there are material issues of fact concerning the circumstances surrounding this incurrence of costs and the intent of the parties as to which party should bear the cost. These issues cannot be resolved upon the papers alone, and must be decided at trial". Clearly, *quantum meruit* recovery is unavailable when the services for which it is sought are covered by an express contract (see *Miller v Schloss,* 218 NY 400, 406-407; *Robinson v Munn,* 238 NY 40, 43; *Levi v Power Conversion,* 47 AD2d 543; *Jontow v Jontow,* 34 AD2d 744). However, if the work or services for which recovery is sought are not covered by an express contract, that is, they are without the scope of the express contract, recovery may be asked on *quantum meruit* (see, *O'Keeffe v Bry,* 456 F Supp 822, 831). The contract between the parties provides that the contractor, plaintiff herein, in order to maintain an action against the city "upon any claim arising out of or based upon this contract" must commence such action "within one year after the date of filing of the certificate" — the final certificate of completion by the engineer. The final certificate was filed on May 19, 1976, and this action was commenced on March 12, 1979, some two and one-half years later. The contractual limitation period is applicable to a suit on claims falling within the scope of the contract, but does not otherwise bar a suit on claims falling outside the scope of the written contract's terms. The applicable limitation period for seeking to recover on *quantum meruit* for claims outside the scope of the written contract is six years (CPLR 213). Summary judgment may be defeated with an unpleaded defense and may be granted on an unpleaded cause of action or on an unpleaded defense (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, C3212:11; *Rizzi v Sussman,* 9 AD2d 961; *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347; *Rogoff v San Juan Racing Assn.,* 77 AD2d 831). The key is whether or not the opposing party was taken by surprise and suffered prejudice thereby. Study of the record herein discloses that as early as October 25, 1974, the defendant was informed by plaintiff that plaintiff was presenting a claim for work performed which in plaintiff's opinion "was beyond the scope of the Contract": Thus, there is no surprise. Plaintiff does not seek to recover profits in the second cause of action. The record demonstrates that plaintiff seeks only to recover certain costs and expenditures. The majority *on this record* conclude that these expenditures or costs are, as a matter of law, embraceable within the scope of the contract. Mindful that on a motion for summary judgment "issue-finding, rather than issue determination, is the key to the procedure," we conclude that it is not clear, as a matter of law, that the expenditures for which plaintiff seeks recovery, arising from delays on the part of other contractors which had the effect of prolonging the period over which plaintiff's work had to be performed with consequent additional outlays by plaintiff on defendants behalf, were provided for in the written contract as part of the work which plaintiff originally agreed to do. Accordingly, we should modify Special Term's denial of

defendant's motion for summary judgment as to the plaintiff's second cause of action for *quantum meruit,* solely to the extent of adding a proviso that the second cause of action is deemed amended *nunc pro tunc* to assert a claim based upon work performed outside the scope of the express contract, and, as so modified, we should affirm.