■ MELVIN R. CANNON, Respondent-Appellant, v FIRST NATIONAL BANK OF EAST ISLIP, Now Known as BANK OF LONG ISLAND, N. A., Appellant-Respondent. — In an action to recover for legal services rendered, defendant appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated April 23, 1981, which, after a nonjury trial, is in favor of the plaintiff in the principal sum of $45,676.59, with interest thereon from March 28, 1979, and plaintiff cross-appeals from so much of the same judgment as allowed interest only from March 28, 1979 and not from the dates of the respective demands for payment. Judgment reversed, on the law and the facts, without costs or disbursements, and complaint dismissed. On March 6, 1973, at a meeting of the defendant's board of directors, a resolution was adopted appointing plaintiff general counsel and providing that he was to be "paid $1,250.00 per month for his professional services". Although the minutes of the meeting refer to "a description of duties, responsibilities and retainer agreement on file with the President's office", no such papers have been found. Plaintiff set about his duties, rendered legal services and submitted monthly statements describing the nature of his services and the time spent on each assignment. None of these statements ever reflected any charge for additional services. The compensation received by plaintiff during his employment consisted of the monthly payments of $1,250, contingency fees he was entitled to receive in collection cases, and sums received from borrowers at mortgage closings. At a board meeting in March, 1975, plaintiff suggested that he was entitled to additional compensation beyond the stipulated monthly payments but agreed to "abide" by the chairman of the board's policy against increases for the bank staff until later in the year when the bank's financial situation might improve. On January 2, 1976, plaintiff sent the bank president a memorandum requesting that he "recommend to the Board of Directors that General Counsel be retained for the calendar year 1976 at $25,000" — an increase of $10,000. After the board met in March, 1976 and failed to alter plaintiff's retainer agreement, plaintiff resigned as general counsel and sued for services allegedly rendered beyond the scope of the retainer agreement. Plaintiff contended that the retainer agreement covered only ordinary services and not the performance of the allegedly extraordinary services which he rendered. After a bench trial, the trial court found in plaintiff's favor, declaring that it would be unreasonable for the bank to assume that it could retain experienced counsel for only $1,250 per month and that there was no written contract of retainer between the

parties. Plaintiff was awarded a judgment in the principal sum of $45,676.59. We believe reversal is mandated. On appeal, defendant contends that plaintiff's 36 monthly reports and the description of legal services they contain established either an account stated or an accord and satisfaction barring the claims for additional compensation. Since the monthly reports contained no reference to any sums due, they did not constitute accounts stated (see *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429; *Pellegrino v Almasian,* 10 AD2d 507) and plaintiff's acceptance of the monthly payments did not constitute an accord and satisfaction because there was no indication that plaintiff intended to accept a new performance in discharge of an unresolved obligation (see *McMahon v Pfister,* 39 AD2d 691; 19 NY Jur 2d, Compromise, Accord and Release, § 6). The case must be resolved on the basis of the interpretation to be given the retainer agreement entered into between the parties. If the "extraordinary" services asserted by the plaintiff are covered by the retainer agreement, he may not recover additional compensation under a *quantum meruit* theory (see *Smith v Kirkpatrick,* 305 NY 66, 73; *Levi v Power Conversion,* 47 AD2d 543). While plaintiff claims that it covered only ordinary services, the retainer agreement is ambiguous because it does not define "professional services" and the missing description of duties indicates that there was a definition. Neither party asserts that the retainer agreement was so incomplete as to be invalid, and therefore it must be interpreted by its language and the reasonable inferences to be drawn from extrinsic evidence concerning its meaning (see *Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169). The evidence at trial included the resolution, the statements and testimony concerning the conduct of the parties during the period of plaintiff's employment (see *Sattler v Hallock,* 160 NY 291; *Village Sav. Bank v Caplan,* 87 AD2d 145). We conclude that the trial court's finding that the retainer agreement was only intended to cover ordinary services is contrary to the weight of the evidence in view of conduct that demonstrated an intent to limit plaintiff's compensation to monthly payments of $1,250 plus fees from the bank for collection cases and from the borrowers at mortgage closings. Although plaintiff's monthly reports to the board described his services in great detail and included the hours spent on each service, all that was billed on those reports were disbursements expended in connection with the services. The column provided on the report for the "RATE PER HR." was left blank by the plaintiff, who never rendered any bill for what he now refers to as "extraordinary" services. The collection fees were negotiated on a case-by-case basis. It was not until his resignation that plaintiff invoiced the bank demanding payment of $46,975 as extra compensation for legal services. This invoice listed charges for many of the items that had previously appeared on the monthly reports without any suggestion that the bank would be required to pay additional compensation. Plaintiff's continued acquiescence in the bank's refusal to increase his compensation also implies acknowledgment that he was entitled solely to the stipulated monthly payments. Indeed, his requests for an increase in the retainer sums always related to services to be rendered in the future and not those already performed. Where a person renders services over a long period of time at a fixed rate and is regularly paid, the presumption is that the amount paid was inclusive of all services (see *Robinson v Munn,* 238 NY 40; *Matter of Jenkins,* 102 NYS2d 597; 22 NY Jur 2d, Contracts, § 527) and in this case the record supports the presumption. We find that the retainer agreement limited plaintiff to $1,250 monthly for all legal services except collections and closing fees and more may not be recovered now. Accordingly, the complaint should be dismissed. In light of our disposition, plaintiff's cross appeal, arguing that he is entitled to greater interest on the judgment, need not be considered. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.