■ PHILIPPE LAJAUNIE, Appellant, v SAMUEL DAGROSSA et al., Respondents.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered December 19, 1988, which dismissed the complaint, unanimously affirmed, without costs. Appeal from the order of said court entered on or about December 9, 1988, which granted defendants' motion for summary judgment, unanimously dismissed as subsumed within the appeal from the judgment, without costs.

In his complaint, bill of particulars, deposition and affidavit

in opposition to this motion, plaintiff asserted that the parties had agreed at some point between February and August 1985 that in return for his contribution in designing, renovating and managing a restaurant, he would receive, *inter alia,* the right to purchase for a nominal amount a one-third interest in the restaurant corporation's stock if the restaurant were profitable in its first year of operations. There were attempts by the parties, represented by counsel, to reduce these terms to writing in November-December 1985, but these resulted in unexecuted drafts. Plaintiff was paid a $300-per-week salary from July 1985, prior to the commencement of the restaurant renovations which began in late September 1985, until his termination some three weeks after the opening of the restaurant in March 1986. The IAS court properly found the asserted oral agreement unenforceable since, by its terms, it was incapable of being performed within one year of its making. (General Obligations Law § 5-701 [a] [1].) The asserted oral agreement was made, if at all, no later than August 1985, and plaintiff was not to be entitled to purchase the interest in the restaurant, if at all, until completion of its renovations and one full year of operations. *(See also,* UCC 8-319.) We also conclude that plaintiff raised no genuine issues of material fact as to his quantum meruit claim for the reasonable value of consultative services. While plaintiff asserted the $300-per-week salary was for his work as a laborer, this claim was made in conclusory fashion and contradicted by the fact that the payment of his salary commenced months before the actual renovation of the restaurant began.

Therefore there is no evidentiary basis for the necessary element of such claim, that the allegedly uncompensated duties (performed) were distinct in character from those duties for which plaintiff was compensated *(Robinson v Munn,* 238 NY 40; *Cannon v First Natl. Bank,* 98 AD2d 704 [2d Dept], *affd* 62 NY2d 1003). Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.