■ BAL M. NEMANI, Appellant, v UNITED HEALTH SERVICES, INC., Respondent.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Harlem, J.), entered December 20, 1989 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

The primary question presented on this appeal is whether Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that there were no material questions of fact raised requiring a trial. In our view Supreme Court was correct in its ruling. The order dismissing the complaint should therefore be affirmed.

Plaintiff is a licensed psychiatrist employed by the Office of Mental Health for the past 18 years. He volunteered to work as a shared staff psychiatrist in May 1988 at Binghamton General Hospital and Wilson Memorial Hospital, two separate private hospitals owned and operated by defendant, a not-for-profit corporation. At the time he volunteered, plaintiff was serving on the staff of Binghamton Psychiatric Center (hereinafter BPC), a State facility, classified as a Psychiatrist III, and earning an annual salary of approximately $84,500, which was increased to $93,204 as of May 4, 1989.

In May 1988, BPC contracted with defendant to assign 1½ full-time equivalent psychiatrists to care for and treat patients in defendant's two hospitals who had been previously treated at BPC. BPC was to pay "the full cost of salaries, benefits and any liability of said psychiatrists arising from services provided in connection with this agreement". Soon after undertaking his responsibilities at the two hospitals, plaintiff began to complain that he was not being compensated for the hours he worked beyond the 40-hour five-day work week because of being on call 24 hours a day, callbacks to the hospitals to render care and services, and Saturday work. Plaintiff and Leslie Major, defendant's Director of Mental Health Services, held meetings and discussions over these complaints. Major attempted to negotiate salary and other issues on plaintiff's behalf with officials of BPC. BPC officials stated that no payment could be made for overtime unless the psychiatrist rendered the overtime services at a State facility. These efforts were unsuccessful and plaintiff notified Major of his intent to work only a 40-hour week. Major responded by advising BPC that plaintiff's services as a shared psychiatrist would no longer be required and that a replacement should be found. Plaintiff then withdrew his threat to work only 40 hours a week and stated his intention to resume meeting the standard of care requirements set forth in defendant's bylaws, which he had previously agreed to adhere to.

Plaintiff then commenced this action to recover overtime compensation from defendant on the basis of quantum meruit for unpaid services rendered to defendant's patients. In its answer, defendant set up the affirmative defense of failure to join the State and/or BPC as a necessary party, and counterclaimed alleging that plaintiff did not provide necessary information making it difficult to bill patients for services rendered which defendant was entitled to bill under its agreement with BPC.

Defendant then moved for summary judgment dismissing the complaint because there were no factual issues to be tried. Plaintiff cross-moved for a temporary order restraining defendant from terminating his services or otherwise affecting his employment pending determination of the motion. Supreme Court ruled from the bench granting defendant's motion and denying plaintiff's cross motion. This appeal by plaintiff ensued.

The record supports the conclusion reached by Supreme Court. There is an absence of any credible evidence of any agreement, express or implied, that defendant was to pay any

compensation to plaintiff for the services he rendered to former BPC patients at its two hospitals. Rather, plaintiff admittedly was an employee of the State and received an annual salary from the State. His employment with the State was admittedly "governed by the *Handbook for Management Confidential Employees* published by the Governor's Office of Employee Relations" which covered overtime compensation. BPC declined to pay the claimed overtime because the Office of Mental Health determined that State rules did not permit such payment.

Significantly, plaintiff requested payment of overtime from BPC, and Major also went to BPC on plaintiff's behalf to obtain overtime pay for him. Plaintiff, with 18 years of experience working as a psychiatrist for the Office of Mental Health before volunteering for assignment as a shared psychiatrist with defendant, was or should have been familiar with the pay requirements of the Office of Mental Health. The record also indicates that plaintiff was aware that defendant's rules and regulations required that he be available 24 hours per day, seven days a week, to treat or care for his patients, if necessary, and to have another physician cover for him in his absence. The agreement he signed stated that he was expected to be on site caring for defendant's patients 40 hours per week spread over five days, Monday through Friday, that patient care activities could require working on Saturdays and that compensatory time would accrue in "these cases" which could be used during the normal work week. If plaintiff did not understand the working conditions of a shared psychiatrist he should have made further inquiry and resolved the question before signing the agreement. There is no indication that plaintiff looked other than to the State for compensation at the time he agreed to the shared staff assignment. Under these circumstances, plaintiff has no claim for the services rendered to former BPC patients other than his salary. Plaintiff had a salary agreement with the State and as a State employee voluntarily rendered services at the private hospitals under the shared staff assignment arrangement *(see, Julien J. Studley, Inc. v New York News,* 70 NY2d 628; *see also, Robinson v Munn,* 238 NY 40, 43).

As plaintiff initially looked to the State for compensation for the services he rendered under this shared staff assignment arrangement, he had no reasonable expectation of payment from defendant for those services *(see, Davidson v Westchester Gas Light Co.,* 99 NY 558). As the Court of Appeals has stated: "A promise to pay for services is sometimes

implied by law; but this is done only when the court can see that they were rendered under such circumstances as authorized the party performing a reasonable expectation of their payment by the party soliciting the performance" *(supra,* at 566-567 [citation omitted]).

Plaintiff argues that this is a case of unjust enrichment of defendant at his expense. However, we do not agree. The State's ruling that plaintiff's work did not qualify as overtime under State rules did not result in defendant receiving more money. Plaintiff's compensation, under the agreement, was to be paid by the State. Defendant's income would not have been diminished by any overtime payments the State made to plaintiff. Defendant was entitled to the revenues generated by the work of plaintiff regardless. Accordingly, defendant cannot be said to have been unjustly enriched because plaintiff was not paid the claimed overtime.

Plaintiff also argues that Supreme Court should have ordered *sua sponte* that BPC be made a party to this action as a necessary party rather than dismissing the action for failure to do so. However, joinder would be inappropriate here since the Court of Claims has exclusive jurisdiction of claims against the State *(see,* Court of Claims Act § 9; *Cass v State New York,* 58 NY2d 460).

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.