■ TED TRIEF et al., Appellants, v SHIRLEY ELGHANAYAN, Also Known as SHIRLEY ELGHANAYAN-KRAYEM, Respondent. [674 NYS2d 310] —Order, Supreme Court, New York County (Paula Omansky, J.), entered February 20, 1997, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

It is well-settled that "[i]n cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language [citations omitted]" (Jacobson v Sassower, 66 NY2d 991, 993). Therefore, insofar as that part of the parties' retainer agreement providing that plaintiffs' fee was to be "12½% of any recovery, whether in cash, property or property interest" is ambiguous, it must be interpreted against plaintiff law firm, the retainer agreement's drafter, and in favor of defendant. Moreover, the effect of the settlement agreement, in connection with which plaintiffs represented defendant, was that, with the exception of a monetary payment made to defendant's former husband, the parties to the settlement simply dropped their claims against each other, and the status quo ante was restored. Clearly, defendant did not by reason of the settlement receive anything that she did not already possess on the day she first consulted plaintiffs for legal assistance. We note in this connection that, contrary to plaintiffs' argument, the relinquishment by defendant's former husband of a claim, the substance of which had never been adjudicated, did not constitute a recovery.

We have considered plaintiffs' other arguments and find them to be without merit. Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.