■ In the Matter of the Estate of VICTORIA KUNICKI, Deceased. SETH RUBENSTEIN, P.C., Appellant-Respondent; ELIZABETH BEDNARZ, Respondent-Appellant. [827 NYS2d 244]—

In a probate proceeding, Seth Rubenstein, P.C., appeals from so much of an order of the Surrogate's Court, Kings County (Harkavy, J.), dated April 13, 2005, as, upon its application to fix an attorney's fee, fixed its fee at the principal sum of $109,620, inclusive of reimbursement of a handwriting expert's fee of $60,884, and directed the petitioner to refund to Elizabeth Bednarz the sum of $25,391, and Elizabeth Bednarz cross-appeals from so much of the same order as partially dismissed her counterclaim, in effect, to reduce the sum owed as reimbursement to the petitioner for the handwriting expert's fee.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof awarding the petitioner attorney and expert fees in the sum of $109,620 and substituting therefor a provision awarding the petitioner attorney and expert fees in the sum of $58,736, and (2) deleting the provision thereof directing the petitioner to reimburse the respondent the sum of $25,391, and substituting therefor a provision directing the petitioner to reimburse the respondent the sum of $76,275; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is settled that the determination of a reasonable attorney's fee in a matter concerning an estate lies within the sound discretion of the Surrogate's Court (*see Matter of Gluck,* 279 AD2d 575 [2001]; *Matter of Gottschen,* 256 AD2d 519 [1998]). Where, as here, a dispute arises over the terms of a retainer agreement, the responsibility of interpreting the agreement rests with the Surrogate's Court (*see Chase v Skoy,* 146 AD2d 563, 564 [1989]; *Chun Hye Kang-Kim v Feldman,* 121 AD2d 590 [1986]). In cases of doubt and ambiguity, an agreement between a client and the attorney must be construed most favorably to the client (*see Jacobson v Sassower,* 66 NY2d 991 [1985]; *Trief v Elghanayan,* 251 AD2d 123 [1998]; *Matter of Bizar & Martin v U.S. Ice Cream Corp.,* 228 AD2d 588 [1996]). Here, the Surrogate's Court

properly construed the subject retainer agreement between the petitioner Seth Rubenstein, P.C. (hereinafter Rubenstein), and the respondent Elizabeth Bednarz.

However, Bednarz is correct that the amount of $60,884 which was included in the principal sum awarded to Rubenstein as reimbursement for the handwriting expert's fee was excessive and unreasonable. In our opinion, the appropriate and reasonable amount for the services of the handwriting expert under the facts and circumstances of this case should have been $10,000. Thus, the total award to Rubenstein should have been $58,736. Since Bednarz has already paid $135,011 to Rubenstein, she is entitled to be reimbursed the sum of $76,275.

Rubenstein's remaining contentions are without merit.

Motion by Elizabeth Bernarz on an appeal from an order of the Surrogate's Court, Kings County, dated April 13, 2005, inter alia, to strike pages 228-307 and 318 from the record on appeal on the ground that the material contained therein is dehors the record, and to strike stated portions of the brief of Seth Rubenstein, P.C., on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated February 10, 2006, those branches of the motion were referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branches of the motion which are to strike pages 228-307 and 318 from the record on appeal and to strike stated portions of the brief of Seth Rubenstein, P.C., are granted, and those portions of the record and brief have not been considered on the appeal. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.