13-2015-cv
Wynder v. McMahon, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                   *Circuit Judges.*

_____

KENNETH WYNDER,

                   *Plaintiff-Appellant*,

             -v-                                              13-2015-cv

JAMES MCMAHON, DAVID SPAHL, ROBERT JONES,
LOUIS B. BARBARIA, CRAIG MASTERSON, Individually,
JOSH KEATS, Individually, and JOHN DOE Employees One
Through Ten of the New York State Police Who Violated the
Constitutional Rights of Plaintiff While Operating Under Color
of Law or Direction from Named Defendants,

                   *Defendants-Appellees.*[*]

_____

Appearing for Appellant:     Richard J. Merritt, Lindenhurst, N.Y.

Appearing for Appellees:     Jason S. Harrow, Assistant Solicitor General (Eric T.
                             Schneiderman, Attorney General of the State of New York;
                             Barbara D. Underwood, Solicitor General; Michael S. Belohlavek,
                             Senior Counsel, *on the brief*), New York, N.Y.

_____

[*] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of said District Court be and they hereby are **AFFIRMED**.

Plaintiff-Appellant Kenneth Wynder appeals from eight orders and the May 21, 2013 judgment of the United States District Court for the Eastern District of New York, (Glasser, *J.*), entered on May 22, 2013. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

To the extent that Wynder challenges the district court's dismissal of his claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, that challenge is without merit. "We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014). This Court has recognized on several occasions, even prior to Wynder's initiation of this action, that individuals are not liable in Title VII cases. *See Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) ("individuals are not subject to liability under Title VII" (internal quotation marks omitted)); *Gierlinger v. Gleason*, 160 F.3d 858, 867 (2d Cir. 1998). Accordingly, the district court did not err in dismissing Wynder's Title VII claim against defendants here, who are all individuals.

Wynder next argues that the district court should have granted his motion to file a fourth amended complaint to add New York State as a defendant with respect to his Title VII claim. "The standard for reviewing the denial of a motion to amend a complaint is abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir. 2006) (internal quotation marks omitted). "[L]eave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004). Here, Wynder has offered no persuasive reason why he waited almost three years after the dismissal of his Title VII claim to move to amend his complaint to add New York State as a proper defendant. Nor does Wynder explain why he failed to add New York State as a defendant during the first occasions on which he amended his complaint. Accordingly, the district court did not abuse its discretion in denying plaintiff's motion to amend his complaint a fourth time.

Plaintiff also argues that the district court's decision imposing sanctions on Wynder's counsel under 28 U.S.C. § 1927 should be reversed. "[W]e review the sanctions order for abuse of discretion, to ensure that the district court's sanctions are not based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks and citation omitted). To impose sanctions under Section 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotation marks omitted). The district court did not abuse its discretion by imposing sanctions in this case: Wynder's motion for reconsideration of the denial

of his motion to file a fourth amended complaint was wholly meritless, and the district court made sufficient findings to support a conclusion that the filing of that motion must have been in bad faith.

With respect to the district court's decision granting defendants' motion for summary judgment, Wynder raises two main issues: (1) that his claims under 42 U.S.C. § 1981 and his equal protection claim under 42 U.S.C. § 1983 should have survived summary judgment; and (2) that a decision of the State of New York Workers' Compensation Board (the "Board") should have been given preclusive effect in this case. As to Wynder's claims under Sections 1981 and 1983, his brief fails to comply with the requirements set forth in Rule 28(a) of the Federal Rules of Appellate Procedure and Rule 28.1 of the Local Rules of the United States Court of Appeals for the Second Circuit. Accordingly, with respect to those claims, we decline to "form an argument for [the appellant], by looking into the record to document the 'facts' . . . and then examining various combinations of these facts in the light of the legal doctrines he . . . mentions." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002).

We will address plaintiff's argument about the potential preclusive effect of the Board's decision because his brief sets forth the relevant issues, albeit in a cursory manner. Our standard of review of such issues is de novo. *See Matusick v. Erie Cnty. Water Auth.*, --- F.3d ----, 2014 WL 700718, at *8 (2d Cir. Feb. 25, 2014). "[I]n order to have preclusive effect over a subsequent fact-finding or legal analysis, a prior administrative determination must have resolved the identical issue, and the issue must have been actually and finally decided in the prior adjudication." *Id.* at *9. Because Wynder does not state which claims or issues in this case should be subject to the preclusive effect of the Board's decision, we will assume that his argument relates to his claims under Sections 1981 and 1983. With respect to each of those claims, plaintiff must prove that defendants acted with discriminatory intent. *See Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012). The Board did not conclude that any of the individual defendants in this case acted with discriminatory racial animus. Accordingly, the issue in this case with regard to plaintiff's claims under Sections 1981 and 1983 was not decided by the Board and, therefore, the Board's decision need not be afforded preclusive effect.

We have considered the remainder of Wynder's arguments and find them to be without merit. Accordingly, the orders and judgment of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk