Law Offs. of Joel J. Ziegler, P.C. v Stellaccio (2020 NY Slip Op 07184)





Law Offs. of Joel J. Ziegler, P.C. v Stellaccio


2020 NY Slip Op 07184


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-14655
 (Index No. 21196/14)

[*1]Law Offices of Joel J. Ziegler, P.C., respondent,
v
Francis Stellaccio, et al., appellants.


Pergolizzi & Associates, Brooklyn, NY (Victor A. Carr of counsel), for appellants.
Law Offices of Joel J. Ziegler, P.C., Riverhead, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, in effect, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Suffolk County, entered August 31, 2018. The judgment, insofar as appealed from, upon a decision of the same court (Martha L. Luft, J.) dated April 23, 2018, made after a nonjury trial, is in favor of the plaintiff and against the defendants in the principal sum of $25,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The defendant Francis Stellaccio and his wife, the defendant Nancy Stellaccio (hereinafter together the Stellaccios), commenced a medical malpractice action (hereinafter the underlying matter) in 2007, appearing pro se. In September 2008, they retained Joel J. Ziegler and his law firm to represent them in the matter. Their retainer agreement provided for a contingency fee amounting to a percentage of the "net amount recovered," which was defined as the "total dollar amount obtained through settlement or trial" less costs and disbursements. The agreement further provided that if "no money" was recovered, there would be no attorneys' fee, and the Stellaccios "could be responsible for repaying disbursements and/or costs," but Ziegler's law firm was waiving "any rights to exercise this option."
The underlying matter was ultimately settled for the sum of $25,000, and Ziegler informed the Stellaccios that he would accept the settlement proceeds in satisfaction of his costs and disbursements. However, the Stellaccios did not sign the settlement paperwork which would have released the $25,000. After the Stellaccios failed to respond to Ziegler's inquiries as to the settlement paperwork, Ziegler's law firm commenced the instant action, inter alia, in effect, to recover damages for breach of contract, seeking to recover the alleged actual sum of the costs and disbursements, which amounted to over $31,000.
After a nonjury trial, the Supreme Court found in favor of the plaintiff on its breach of contract cause of action in the principal sum of $25,000, the amount of the settlement, and a judgment was thereafter entered based upon that determination. The Stellaccios appeal.
"Courts 'give particular scrutiny to fee arrangements between attorneys and clients,' placing the burden on attorneys to show the retainer agreement is 'fair, reasonable, and fully known [*2]and understood by their clients'" (Matter of Lawrence, 24 NY3d 320, 336, quoting Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176). While "the law requires that an agreement between client and attorney be construed most favorably for the client" (Shaw v Manufacturers Hanover Trust Co., 68 NY2d at 176), this rule "is inapplicable in the absence of a true construction problem" (Greenberg v Bar Steel Constr. Corp., 22 NY2d 210, 213). Thus, "[t]he threshold question then is whether this retainer agreement warrants interpretation" (id. at 213).
Here, the provision of the final paragraph of the retainer agreement, which provides for a waiver of costs or disbursements in the event that "there is no money recovered" in the underlying matter was not applicable here, where there was a recovery of $25,000. Therefore, as the Supreme Court found, the plaintiff was entitled to costs or disbursements to the extent of that recovery.
The Stellaccios' remaining contentions are without merit.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court