Merritt v Wynder (2023 NY Slip Op 00081)

Merritt v Wynder

2023 NY Slip Op 00081

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-13330
 (Index No. 20704/14)

[*1]Richard Merritt, appellant, 
v
Kenneth Wynder, individually and as president of the Law Enforcement Employees Benevolent Association, et al., respondents.

Richard Merritt, Lindenhurst, NY, appellant pro se.
Kenneth Wynder, New York, NY, respondent pro se (no brief filed).
Seelig Law Offices, LLC, New York, NY (Philip H. Seelig and Matthew J. Porcaro of counsel), for respondents Kenneth Wynder, as president of the Law Enforcement Employees Benevolent Association, and Law Enforcement Employees Benevolent Association.

DECISION & ORDER
In an action, inter alia, to recover legal fees, the plaintiff appeals from a clerk's judgment of the Supreme Court, Suffolk County, dated September 25, 2019. The clerk's judgment, upon a decision of the same court (Joseph A. Santorelli, J.) dated August 5, 2019, made after a nonjury trial, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the clerk's judgment is affirmed, with costs to the respondents Kenneth Wynder, as president of the Law Enforcement Employees Benevolent Association, and Law Enforcement Employees Benevolent Association.
The defendant Kenneth Wynder, then a member of the New York State Police, retained the plaintiff, Richard J. Merritt, an attorney, to represent him in multiple employment-related legal matters beginning in the late 1990s. In 2002, Wynder and others formed the defendant Law Enforcement Employees Benevolent Association (hereinafter LEEBA), a labor union focusing on law enforcement officers and those in adjacent fields, with Wynder as president. LEEBA utilized Merritt as its primary attorney, tasking him with handling the majority of its legal matters. Merritt was also LEEBA's landlord during its early years, renting office space to the organization from 2002 to 2005. LEEBA, however, terminated Merritt's services as counsel following a dispute that arose in July 2014.
Merritt thereafter commenced this action against LEEBA and Wynder. He sought to recover legal fees and rental arrears from LEEBA, and litigation expenses and an unpaid loan from Wynder. In a decision dated August 5, 2019, made after a nonjury trial, the Supreme Court found that Merritt had failed to prove any of his causes of action by a preponderance of the evidence. A clerk's judgment was subsequently entered upon the decision, dismissing the complaint. Merritt appeals.
As an initial matter, Merritt failed to include the pleadings and certain trial exhibits in his appendix. While this appeal could be dismissed on the basis that Merritt's omission of those papers inhibits this Court's ability to render an informed decision on the merits of the appeal [*2](see CPLR 5528; Beizer v Swedish, 125 AD3d 703, 703), in this case, the original papers are sufficient to permit review of the merits (see Liriano v Asillo, 207 AD3d 534, 535). Nevertheless, we have not considered that portion of Merritt's appendix containing a document post-dating the clerk's judgment appealed from as that document is matter dehors the record (see Devellis v Lucci, 266 AD2d 180, 181).
"Where, as here, a case is tried without a jury, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Mil-Spec Indus. Corp. v Expansion Indus., LLC, 201 AD3d 651, 653 [internal quotation marks omitted]). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (id. at 654 [internal quotation marks omitted]).
Although LEEBA never executed a formal written retainer agreement relating to Merritt's legal services, at trial both LEEBA and Merritt referred to a letter from Wynder dated December 19, 2006, as setting forth the terms of their agreement, and neither disputed that they had an enforceable agreement. Merritt's claim for legal fees was therefore based in breach of contract, not quantum meruit (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607). According to Merritt, LEEBA agreed, through Wynder, to an hourly fee arrangement, while Wynder testified that Merritt was paid a flat monthly fee, regardless of the amount of hours of legal services rendered.
The burden was on Merritt as the attorney to show that his fee "agreement [was] fair, reasonable, and fully known and understood by" LEEBA, his client (Law Offs. of Joel J. Ziegler, P.C. v Stellaccio, 189 AD3d 815, 816 [internal quotation marks omitted]). The evidence at trial revealed "doubt and ambiguity" regarding the terms of the fee agreement (Matter of Kunicki, 35 AD3d 742, 742), including as to whether LEEBA ever approved an hourly fee arrangement instead of a flat-fee arrangement. The agreement was therefore appropriately construed in favor of LEEBA (see Jacobson v Sassower, 66 NY2d 991, 993; Law Offs. of Joel J. Ziegler, P.C. v Stellaccio, 189 AD3d at 816-817; Matter of Kunicki, 35 AD3d at 742-743). Merritt also continuously provided legal services to LEEBA for years while accepting its monthly payments, raising a "presumption . . . that the amount paid was inclusive of all services" rendered, which he failed to rebut (Cannon v First Natl. Bank of E. Islip, 98 AD2d 704, 705, affd 62 NY2d 1003). The Supreme Court therefore correctly determined that Merritt failed to demonstrate his entitlement to recover legal fees from LEEBA.
Moreover, "[w]here . . . it is undisputed that [an] action was commenced after the . . . statute of limitations had already expired, the plaintiff has the burden of establishing that the . . . limitations [period] is tolled, or that an exception to the statute of limitations applies" (HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723 [internal quotation marks omitted]). Merritt conceded that his claims for rental arrears against LEEBA and for the unpaid loan made to Wynder would have been time-barred, but for the fact that the limitations period for each allegedly restarted because the debts were acknowledged and partial payment was thereafter made in relation thereto (see e.g. Erdheim v Gelfman, 303 AD2d 714, 714-715). In support of this argument, Merritt relied primarily upon a letter from Wynder dated December 19, 2006. But the letter did not state the nature or amount of the debt that LEEBA agreed to pay, nor were these facts otherwise established at trial. The Supreme Court therefore properly determined that Merritt was not entitled to recover either rental arrears or on the unpaid loan.
Merritt also failed to demonstrate his entitlement to recovery of litigation fees and costs from Wynder. Merritt represented Wynder in a federal action that did not result in a financial recovery, as it was dismissed on summary judgment and an appeal was not successful (see Wynder v McMahon, 565 Fed Appx 11 [2d Cir]). While a retainer agreement executed in connection with the federal action was clear that Merritt was not entitled to a fee without a recovery, the agreement was ambiguous as to whether Wynder was obligated to reimburse Merritt for costs under such circumstances, thereby requiring the Supreme Court to construe the agreement in Wynder's favor (see e.g. Matter of Kunicki, 35 AD3d at 742-743). Merritt also failed to submit any proof at trial establishing that he incurred costs on Wynder's behalf in the federal action. The court also properly rejected Merritt's contention that he was entitled to recover legal fees for his representation of Wynder in a workers' compensation claim, as Merritt neither asserted such a cause of action in the [*3]complaint, nor requested in his posttrial motion to conform the pleadings to the proof that the complaint be amended to include such a cause of action. In any event, Merritt was prohibited from recovering any fee that was not approved by the Workers' Compensation Board (see Workers' Compensation Law § 24; Crosby v State of N.Y., Workers' Compensation Bd., 57 NY2d 305, 310-314).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly dismissed the complaint.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court